## WOOD *v.* GENETT.

1. PAYMENTS—APPLICATION.

   A creditor to whom distinct debts are owing may apply payments to either indebtedness, in the absence of a direction by the debtor as to their application.

2. MORTGAGES—FORECLOSURE—DENIAL OF EXECUTION—EVIDENCE.

   In proceedings to foreclose a mortgage, defendant claimed that the mortgage in suit had been satisfied in full by payments which the mortgagee had wrongfully applied to certain other notes and mortgage, the execution of which defendant denied. It appeared that such other notes, which were produced by defendant in court, had been surrendered to him when the payments were made, that he had cut off the signature, and filed the notes with his other papers. While it was shown that defendant was unable to read, or to write other than to sign his name, it appeared that he was methodical in his business, and careful in the matter of taking and preserving receipts. The aggregate of all the payments made by him was $2,500, while the total amount of the mortgage in suit was only $2,000. *Held,* that the improbability of the mortgagor's overpaying his indebtedness $500 without being aware of the fact, and of the mortgagee's surrendering into the possession of the defrauded party notes he had never executed, rendered untenable the theory that the notes and mortgage to which the payments were applied were not executed by the defendant.

Appeal from Charlevoix; Corbett, J.    Submitted January 4, 1899.   Decided May 23, 1899.

Bill by Mary H. Wood against Maxim Genett and wife to foreclose a mortgage.    From a decree dismissing the bill, complainant appeals.    Reversed.

The bill in this case was filed to foreclose a mortgage dated October 1, 1877, for $1,000, signed by the defendants, who are husband and wife, and given to the complainant.    Five promissory notes executed by defendant Maxim, for $200 each, accompanied the mortgage.    The first note had been paid and taken up.    The others were due in 1880, 1881, 1882, and 1883, respectively.    The defense was payment.    Many payments were made by defendant Maxim to the complainant after this mortgage was given,—some money, but mostly in horses, cattle, hay, and other personal property raised upon defendants' farm.    There is little dispute over these amounts.    The difficulty arises as to their application.    Complainant claims that on September 1, 1878, defendant Maxim gave her a promissory note for $361.96, payable on December 1, 1880, and another note for $775, dated November 1, 1878, payable on or before three years thereafter, which was secured by another real-estate mortgage.    Sufficient of these amounts paid by defendant to complainant were applied in payment of these notes, and indorsed thereon, the notes surrendered to the defendant, and the mortgage discharged.    Complainant's husband was her agent, and did the entire business with Mr. Genett.    Proofs were taken in open court, and the court below dismissed complainant's bill, holding that the amounts which had been indorsed upon the last two notes mentioned should have been applied in payment of the mortgage and notes involved in this suit.    The learned circuit judge in his opinion gives the reasons for his decree as follows:

"I find from the evidence that it was the desire of Mr. Genett, when he made the various payments, that they

should go in discharge of the mortgage now sought to be foreclosed, and that O. D. Wood, the agent of the complainant, so understood it."

He further finds that on November 16, 1885, the total amount due upon the mortgage was $2,034,64; that payments had been made thereon amounting to $2,504.80; and that the mortgage was overpaid by $470.16. Any further statement of facts material will be found stated in the opinion.

*Fred W. Mayne*, for complainant.

*A. D. Cruickshank*, for defendants.

Grant, C. J. (*after stating the facts*). We cannot concur in the conclusion reached by the learned circuit judge. Counsel for the defendants does not cite any testimony on their part showing any instruction to apply the payments they made upon these specific notes and mortgage. On the contrary, Mr. Wood testified that Mr. Genett directed him to apply payments first upon the $775 mortgage, because it covered more land than did the other mortgage. If no directions were given, then complainant might apply them on either indebtedness. Four indorsements of payments were made upon the $775 note; the last one being made April 2, 1881, at which time the note was surrendered and the mortgage discharged. Several indorsements were also made upon the $361 note, a receipt in full being indorsed thereon November 16, 1885. Mr. Genett took these two notes, and, as was his custom, cut off his signature thereon, and filed them away with other papers. Defendants could not read or write the English language, except that each could write his or her name, and did so upon these mortgages and notes and also upon others. Mr. Genett was a man of considerable business, was evidently methodical, and, while he could not read, was careful to take receipts and to preserve his evidences of payment. There was an open account running between complainant or her agent and the defendant.

They had settlements from time to time. Defendant kept
no account. Complainant kept no regular book account
of the transactions, but Mr. Wood testified that he made
these indorsements upon these various papers at or about
the time the payments were made. Mr. Wood did not sur-
render the $775 mortgage at the time the note was paid.
The disputed notes were produced by Mr. Genett at the
hearing. The defendants claim that they never executed
the disputed notes and mortgage, but the circuit judge did
not decide this question. Their denials, however, are not
very satisfactory. If they, however, are as strong as
their counsel claims, and amount to a flat denial, this
places Mr. Wood in the position of having committed
both the crimes of forgery and perjury, and also of being
simple enough to place the evidence thereof deliberately
in the possession of the defendants. We think the clear
weight of evidence is against the defendants. It does not
seem reasonable that Mr. Genett, as early as 1885, had
overpaid this mortgage nearly $500 without knowing it.
It is alike unreasonable to believe that he took the two
disputed notes, with his signature attached and these pay-
ments indorsed thereon, without knowing what they were.

Decree reversed, with the costs of both courts, and de-
cree entered for the complainant in accordance with this
opinion. The cause will be remanded to the court below
for further foreclosure proceedings.

MONTGOMERY, MOORE, and LONG, JJ., concurred.
HOOKER, J., did not sit.